BEEKMAN, Appellant, *v.* . FROST, GODDARD & KELLOGG, Respondents, 18 J. R. 544.

In Ch. 1 J. C. R. 288, 296, 304.

*Point raised in Court of Errors not made in Court below ; Bill to Redeem Mortgage ; Bona fide Purchaser, with-out notice and for valuable consideration, no Ground of Relief in Equity, though a good Defence ; Mortgage for $3000 registered by Mistake of County Clerk for $300 ; Escrow.*

THE bill in this case was filed by the respondents in 1808 stating a purchase by Frost, one of the plaintiffs, and Mar-tin Goddard, since deceased, of a certain lot in Marcellus, in 1803, of Henry Corl ; and the intermediate conveyances to the other plaintiff. That the plaintiff discovered on the re-cords in the office of the clerk of the county of Onondaga, a mortgage from Corl to John K. Beekman, the defendant, dated, May 6th, 1803, registered the 5th of September, 1805, to secure the sum of $300, payable on the 6th of May, 1808, with interest ; on discovery of which mortgage, Frost ap-plied to the defendant and offered to pay the sum of $300 and interest, which was refused ; and to the surprise of Frost, the defendant stated that the mortgage in fact was to secure the sum of $3000, and which sum he demanded, saying there was a mistake in the registry as to the sum. That Frost had no knowledge or suspicion of the mortgage at the time of the delivery of the deeds to him, nor had, as he believed, Martin Goddard any knowledge of it at the time of the de-livery of the deeds to him for his share. That Frost and Martin Goddard had sold and conveyed the lands without

any knowledge or suspicion of any other mortgage than one for $300. The plaintiffs insisted, therefore, that they ought not to be affected beyond the sum expressed in the registry; that valuable improvements have been made on the lot since the purchase from Corl; that the defendant is advertising the lot for sale under the mortgage for the purpose of raising the sum of $3000, &c. The plaintiff prayed an injunction to restrain all further proceedings on his part, &c.

The defendant's answer stated that he having title to the lot in question sold it to H. Corl, in May 1803, for $3000 payable in May, 1808; that he about that time signed and sealed a deed for it to Corl, and sent it, (together with a mortgage to be executed by him and his wife, for the purchase money,) to one Westerlo of Albany, as an escrow, to be delivered to Corl, on his executing and registering the mortgage, procuring a certificate from the county clerk of the registry and that there was no other mortgage on the lot, registered. That Corl did accordingly execute the mortgage and produce the certificate of registry; but insisted that the delivery of the deed by Westerlo to him, which then took place, was not valid and binding on the defendant, as Corl's wife did not acknowledge the mortgage; though she had signed it. That Corl having absconded without paying it, the defendant had advertised the lot for sale under the power in the mortgage; that he had no knowledge of the facts stated in the bill; that he first discovered in September, 1807, the mistake of the clerk in registering the mortgage for $300, instead of $3000; and he charged that the plaintiffs bought of Corl without any reference to the registry, &c.

The Chancellor held the bill sustainable for *relief*; although that point was not expressly made before him; he also held the mortgage a good and valid one for $300, and made a decree referring it to one of the Masters of the court, to ascertain and report what sums Henry Corl had received of the purchasers before the 18th day of October, 1807, and what was still due on them: Also, that he report the amount due on the mortgage to the appellant, as for $3000, and as for $300, &c., reserving all further questions and directions until the coming in of the report.

From this decree, the defendant below brought his appeal to the Court of Errors; and on the argument, *two* new points were raised, which had not been argued in the court below. 1. That admitting all the facts in their bill, the respondents have no right to *relief* in equity against the appellant's mortgage, whether it were registered or not. 2. That as *bona fide* purchasers, they were not entitled to obtain relief in equity against *another bona fide* purchaser. It was objected that these points, not having been raised in the court below, could not be urged in this court. But the court held otherwise. Mr. Justice Spencer, who delivered the leading opinion, cited the cases of *Gelston* v. *Hoyt*, 13 J. R. 562, *Lyon* v. *Tallmadge*, 14 ibid. 501, and *Palmer* v. *Lorillard*, 16 J. R. 348, &c., as establishing the rule, "that where a cause has been defended in a court below and comes here for review, and a point is made which could not be obviated in the court below, by proof or amendment, this court ought not to refuse cognizance of such point," and with this the court concurred. He then proceeds:

" To the first point, whether the facts stated in the bill give the respondents a right to proceed in a court of equity, as plaintiffs, it has been answered that the bill is substantially *a bill to redeem*, and that the facts set forth and the case made out, are of equity jurisdiction, and entitle the respondent to the relief decreed."

" It is certainly an essential part of a bill to redeem a mortgage, that it offer in express terms to pay the amount due with costs. The bill usually states a prior tender of the amount, and a refusal to accept it. It seems to me impossible to consider this as a bill to redeem the mortgage. Its frame and object were to obtain a decree setting aside the appellant's mortgage for any greater amount than the sum for which it was erroneously registered. In terms, it does not pray a redemption of the mortgage, and it omits what I consider an all important averment; the readiness to pay whatever shall be decreed. A bill to redeem operates, in one respect, like a bill to foreclose ; for if it be dismissed, in *default of the payment of the money*, at the time specified, it has the precise effect of a foreclosure, and is equivalent to a foreclosure. (2 Madd. 420.)

" The Chancellor never treated this as a bill to redeem; and if the respondents failed in complying with that part of the decree ordering the payment of the money adjudged to be due, it does not draw after it the consequences of a foreclosure. It is an established rule in equity, that relief inconsistent with the specific relief prayed for, can not be given under the general prayer for relief. A bill seeking relief and omitting an essential requisite to constitute it a bill to redeem, can not be so regarded, nor draw after it the consequences incident to such a bill."

" The foundation of the bill is, that the respondent was taking measures to sell under a power in the mortgage, from Corl, for securing $3,000, whereas it was registered for $300 only.

"In *Patterson* v. *Slaughter*, Amb. 293, Lord Hardwicke laid down the rule to be, that the title of a purchaser for a valuable consideration, is not ground for relief, though it is a good defence. No book of precedents, no treatise on equity, furnishes a case of a bill filed on the ground that there has been a purchaser without notice and for valuable consideration. If the defendant has an equal claim to the protection of a court of equity, to defend his possession, as the plaintiff has to its assistance to assert his right, the court will not interfere on either side. The respondents attempt to make use of the fact of a *bona fide* purchaser for valuable consideration and without notice, as a substantive ground of equity for offensive operations; thus inverting the order of proceeding, and wholly dispensing with the essential part of what is merely a defence; I mean the oath of the purchaser to his plea. These considerations are, I apprehend, sufficient to show that the decree can not be sustained.

" As the case has been argued at large, and as it may save expense and litigation, to have the opinion of the court on the merits, I proceed to examine them. Should the respondents file a bill to redeem the mortgage as registered, on paying the $300, with interest and costs, the appellant must either avail himself, by answer of the mortgage as one for $3,000, or file his cross bill to foreclose it as such; the question would then arise, supposing the respondents to be pur-

chasers without notice, what would be the rights of the parties ?"

On this point Mr. Justice Spencer concurs with the Chancellor in the opinion that the deed to Corl was well delivered by the appellant's agent; and that it related back so as to validate the conveyance from him to Frost and Goddard. He also concurred with the Chancellor that the respondents were not to be charged with notice of the contents of the mortgage, beyond the sum set forth in the registry, unless actual knowledge is brought home to them. He concludes, "I regret that the bill was not so framed as to enable the court to put an end to the controversy ; but justice must be administered on established principles, and according to established forms."

"The decree must be reversed, and the bill dismissed, without prejudice to the respondent's rights."

This was accordingly done, by a vote of 15 for reversal, 10 for aff.